Hillsborough, Jan. 3, 1950. } No. 3879.

JENNIE C. LEONARD & *a. v.* MANCHESTER.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*J. Francis Roche*, city solicitor, and *Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the defendant.

LAMPRON, J. The defendant's motions for a nonsuit and a directed verdict were properly denied and its exceptions thereto are overruled. The question raised by these exceptions is "whether on the evidence any verdict could be found for the plaintiff." *Chabot* v. *Company*, 79 N. H. 230, 231. In passing upon these motions "the Court was obliged to consider the evidence for the plaintiff as true and to construe all the evidence most favorably to the plaintiff." *Shimkus* v. *Caesar*, 95 N. H. 286, 287.

There was expert testimony on behalf of the plaintiff to the effect that this bridge was not suitably constructed for walking traffic, the defect therein being the running of the planking in a lengthwise direction which directly induces slipping when the surface becomes wet. On a level surface a wooden plank is 74% more resistent to slipping across the grain than it is lengthwise of the grain (coefficient of friction). A 7.9% sloping of the surface would greatly increase the liability to slip aside from the above coefficient of friction. And this tendency would further be greatly increased if the planks were wet with rain, snow or ice.

The plaintiff testified that she was walking on wooden planks of the bridge which were wet and slippery. Her foot slipped on the wet wood of the bridge, she fell and received the injuries complained of.

Were these injuries which the plaintiff received in her fall incurred by reason of a defect, insufficiency, or want of repair in the structure (*Bernier* v. *Whitefield*, 80 N. H. 245, 246) of such bridge which rendered it unsuitable for travel thereon? Laws 1945, *supra*. There is no question that the roadway on which the plaintiff fell was part of the structure of this bridge. *Wilson* v. *Barnstead*, 74 N. H. 78. In view of the fact that the sidewalks on either side of the bridge had been impassable for quite some time prior to the day of the accident by reason of their not having been plowed and were still in that condition

on that day, the jury could properly find that the plaintiff was reasonably using the vehicular way to get across the bridge (*Murphy* v. *Granz*, 91 N. H. 244, 245), and that the defendant should have reasonably anticipated such a use being made. The test to be applied in determining the sufficiency of this bridge for this use of it by the plaintiff, and the numerous other persons so using it, is whether it was such a bridge as the ordinary man would have maintained at such a place. *Hickey* v. *Berlin*, 78 N. H. 69, 70; *Chapman* v. *Lee*, 80 N. H. 484, 486.

A slope of 7.9% in that bridge would not in and of itself render it insufficient. The fact alone that the planks were laid lengthwise instead of crosswise might not make it so either. Add thereto, however, the further evidence, that wooden planks laid lengthwise offer less resistance to slipping than planks laid crosswise, that this difference in liability to slip is increased when these planks are in a sloping surface, that wetness from ice, rain, snow, or other precipitation of moisture further accentuates this difference in resistance to slipping, the jury could then reasonably find that the maintenance by the defendant of a surface so laid on a bridge of this slope, charged, as it reasonably must be, with the knowledge that its surface would become wet, constituted a defect, insufficiency or want of repair which rendered this bridge unsuitable for travel thereon. *Munroe* v. *Deerfield*, 84 N. H. 144.

Could the jury further properly find that plaintiff's accident was caused by this defect, insufficiency or want of repair? The defendant contends that the plaintiff's fall resulted from her slipping on the freezing rain and snow which had coated the surface of the bridge so that the alleged defect was not the cause of the accident. *Bernier* v. *Whitefield, supra*. It further argues that plaintiff, because of a statement made in her deposition that it must have been snow on the bridge that caused her to slip, may be prevented, under the rule of *Harlow* v. *Leclair*, 82 N. H. 506, from having the jury find that her fall was on a wet planking cleared of snow and ice. The defendant further contends that, even conceding that she may not be so prevented, the undisputed fact remains that the weather conditions were such as to make her contention that she fell on a wet plank instead of a plank coated by the freezing rain and snow incredible, as being testimony contrary to undisputable physical facts. *Brown* v. *Mailhot*, 89 N. H. 240.

The plaintiff testified at the trial that she slipped on the wet wood of the bridge. She was walking in a rut at the time. There was no

snow or ice in this rut because the automobiles going back and forth had worn the surface of the rut down to the wood. A fair appraisal of plaintiff's entire testimony in deposition and at the trial leads to the conclusion that she is not asking the jury to find that she perjured herself when she urges a finding by them that she fell on the wet wood. *Harlow* v. *Leclair, supra; Cote* v. *Stafford*, 94 N. H. 251. Her contention that, in spite of some fall of freezing rain and snow at different intervals between midnight and the time of the accident and the below freezing temperature which prevailed during all that time, the rut was not coated with ice or snow because of the action of passing automobiles was not incredible as a matter of law as contrary to undisputable physical facts. *O'Brien* v. *Public Service Company*, 95 N. H. 79, 81.

The defendant argues, however, that even if it can be found that plaintiff fell as she contends she did, the wetness of the planks was the cause of the accident and the defendant having no control over this element cannot be held responsible for plaintiff's injury. The answer to this contention is that the jury could find on the evidence that wetness was but one of the factors which brought about the accident and by itself was not the cause of plaintiff's fall. The accident, they could find, resulted from the increased tendency to slip on the roadway of this bridge when wet from the elements caused by the fact that the defendant maintained it at a slope of 7.9% with wooden plankings laid lengthwise. Whether or not the way in which the planking was laid on this bridge was the proximate cause of plaintiff's injuries was a question of fact for the jury to determine. *Prichard* v. *Boscawen*, 78 N. H. 131, 133; *Clark* v. *Hampton*, 83 N. H. 524; Restatement, Torts, ss. 432 (2), 434.

We will next consider exceptions taken by the defendant to the admission of certain testimony on behalf of the plaintiff. The statement by the defendant of its grounds for the first of such exceptions can be summarized as follows: There is no testimony that surfacing a bridge with wood laid so that pedestrian traffic travels with the grain is of itself either improper or defective; a slope of 7.9% is reasonably safe; by adding an element for which the defendant is not chargeable (snow, ice or the residue therefrom) to another element stated to be reasonably safe (the slope of the bridge), the plaintiff was permitted to introduce testimony that a bridge surface (planks, the grain of which ran with the traffic) not otherwise shown to be improper, was defective. In other words if the defendant introduces at some time during the trial evidence that the bridge as constructed was reason-

ably safe, it argues that the plaintiff cannot introduce expert evidence that, certain factors, some within, some without the control of the defendant, which taken separately might not create liability on the part of the defendant, can do so when combined in a certain way, at a certain time and place. This position of the defendant amounts to denying the plaintiff the privilege of introducing expert evidence on her theory of liability which is contrary to our decisions. *Davis* v. *Railroad*, 75 N. H. 467; *Higgins* v. *Carroll*, 86 N. H. 312, 315; *Abbott* v. *Hayes*, 92 N. H. 126, 132. This exception is overruled.

The defendant also excepted to the Trial Court permitting the plaintiff's expert to compare concrete, macadam, open grillwork, and crosswise planking bridge surfaces to planks laid lengthwise in so far as the tendency to prevent slipping is concerned, and to the use of this evidence which plaintiff's counsel was permitted to make in argument when he suggested in the form of a question that it might have been reasonable for the defendant to use something on the bridge surface that would be less slippery and more suitable for pedestrians, such as concrete, macadam, or open grillwork. The defendant argues therefrom that the jury could only have concluded that the defendant was required to provide pedestrians with these other types of bridge surfaces. We cannot say as a matter of law that the Trial Court abused his discretion in admitting such evidence as being of a nature which would probably aid the jury in their search for the truth. *Dowling* v. *Shattuck*, 91 N. H. 234, 236; *Ricker* v. *Mathews*, 94 N. H. 313, 317. The Court in his charge defined the defendant's duty as being the use of due care in relation to obstructions, defects, insufficiency or want of repair of the bridge, that is the care of a reasonable person under all the circumstances, and it is to be presumed that these instructions were followed. *Woodman* v. *Peck*, 90 N. H. 292, 293. Defendant's exceptions to the above must be overruled. The other questions asked by the plaintiff of the expert to which defendant excepted were all such as the Trial Court could allow in the exercise of his discretion. *Dowling* v. *Shattuck, supra.* Defendant's exceptions to all of these questions must therefore be overruled.

The defendant further excepted to the admission of evidence that the defendant had not plowed the sidewalks on the bridge as being prejudicial, and argues that the Court's charge, which is silent in this regard despite a requested instruction, in no way cured the prejudice brought out by the testimony. The fact that the snow had not been removed from the sidewalks on the bridge was admissible as bearing on (1) the issue of plaintiff's contributory negligence in using

the vehicular way (25 Am. Jur., Highways, ss. 451, 465), and (2) the reasonableness of this way for pedestrian use as bearing on the defendant's liability. The record is replete with statements by counsel for the plaintiff in the presence of the jury that there was no duty on the defendant to plow these walks and that none was claimed by her. The evidence was competent for certain purposes, and having been admitted for those limited purposes, defendant's rights were protected, *Morris* v. *Railroad*, 85 N. H. 265, 274, and there was no need of instructions in the charge as the existence or non-existence of a duty on the part of the defendant to remove the snow from these sidewalks was not an issue in the case. *Morin* v. *Champlin*, 93 N. H. 422, 426.

The defendant also excepted to the denial of his motion for a mistrial made when one of defendant's witnesses on cross-examination by plaintiff's counsel was asked if this bridge was still planked with wooden planks and answered in the negative. The Court sustained defendant's objection to the question and answer and instructed the jury that "we are not concerned with the type of floor that is on the bridge now. It has no bearing on the case and the jury will strike it from their minds. Our only concern is the conditions as they were at the time this accident happened." There is no basis on which to conclude that the order to strike the evidence and the instruction to disregard it did not cure the effect of the introduction of this evidence in the case. *Emerson* v. *Cobb*, 88 N. H. 199, 201. The Presiding Justice in denying defendant's motion to set aside the verdict found that the defendant suffered no prejudice thereby and there is no basis on which to disturb his finding.

Lastly defendant objected to the argument of plaintiff's counsel as to the amount of rain which had fallen from midnight to the time of the accident. This argument drew a permissible inference from the evidence and defendant's exception thereto is overruled.

This disposes of all of the defendant's exceptions which were briefed or argued, they are all overruled, and the order is

*Judgment on the verdicts.*

All concurred.